REDMANN, Judge
(dissenting).
Plaintiff sued for an injunction against a labor union’s picketing during a strike which is now over. Plaintiff was, in part, denied the injunction. In my opinion the plaintiff’s entitlement to obtain an injunction is no longer (if ever) existent. This .question is as moot as if plaintiff had never sued until after the strike was ended. No injunction should issue at this stage from a trial court nor from this court.
However, plaintiff might be entitled to a declaratory judgment, as a proper judgment which this court ought to render on appeal, LSA-C.C.P. 2164, and we therefore need not dismiss the appeal as moot.
The servitude in favor of the public for use of the navigable river bank (including *250 the levee, LSA-C.C. art. 457) is limited by C.C. art. 455 to purposes accessory to using the river.
But it appears to me that a union of maritime employees ought to be entitled under the servitude to picket on the banks of the river where their employer moors his vessels, deposits his goods, etc. Surely while engaged in mooring and unloading the employer’s vessels, depositing his goods, drying his nets, “and the like”, the employees are not mere trespassers because the vessel and goods etc. are not their own. Presumably a would-be employee could properly go to the river bank to seek employment with a shipper, and bargain for its terms, as an included exercise of the servitude. In my opinion the employees would not suddenly become trespassers because they have a dispute as to the terms of their employment. It appears to me the peaceful picketing by such employees on the river bank ought, in simple fairness and in administration of justice without partiality, La.Const. art. 1 § 6, to be considered a lawful exercise of the servitude.
At the opposite extreme, I think it clear that employees whose employment and employer are utterly unconnected with the use of a navigable river are not entitled to picket on its banks, because the servitude is only granted for purposes related to some use of the river.
The defendant union is not in either extreme position. Its members are not longshoremen or the like. Yet their employer is using the river, and its banks, in conducting the very business in which they are employed.
The employer may be said not to be exercising the public servitude, since it occupies the position of landowner. Still the principle is the same as if the employer itself were exercising the servitude: if picketing is an exercise of the servitude when done by employees of a company using the servitude in its business, then picketing is still an exercise of the servitude when done by employees of another company which is doing the exact same business on the bank, but happens to be the landowner (whose title, after all, is subject to the servitude).
In my opinion the use by an employer of the navigable river and its bank for the purposes of C.C. art. 455, whether merely as servitude-exerciser or as owner, entitles the employer’s employees to be present on the bank and to peacefully picket there in the exercise of the servitude as an adjunct to the use of the navigable river and its bank. The servitude is not in favor of shipowners only, but of the entire public.
(And I might note the servitude is not for public uses, but for use by the public for limited private purposes. Picketing may be a private use, but the shipowner’s unloading his ship is also a private use.)
Under the circumstances of this case, the employees are entitled to picket on the levee as an exercise of the public servitude of use of navigable river banks for purposes related to use of the river itself.
The trial court’s refusal to enjoin peaceful picketing on the levee should be affirmed.